1

2

3

4

5

6

7

8                     **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11    G. MEMO VERA,                          | Case No. 1:24-cv-1045 JLT SKO (HC)

12                    Petitioner,             | ORDER ADOPTING FINDINGS AND
                                              | RECOMMENDATIONS, DISMISSING
13                                            | PETITION FOR WRIT OF HABEAS CORPUS,
         v.                                   | AND DIRECTING CLERK OF COURT TO
14                                            | ENTER JUDGMENT AND CLOSE CASE
      5th APPELLATE DISTRICT,
15                                            | (Doc. 5)
                    Respondent.
16                                            | ORDER DECLINING TO ISSUE
                                              | CERTIFICATE OF APPEALABILITY
17

18         G. Memo Vera is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition

19    for writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting he is indigent and "entitle[d] to

20    free copies to further his Appeal." (Doc. 1 at 3.)  The magistrate judge performed a preliminary

21    review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases.  (Doc. 5.)

22         The magistrate judge found Petitioner failed to state a cognizable claim for habeas relief,

23    because his request for "this Court's intervention to obtain documents from the Tulare County

24    District Attorney's Office, the Tulare County Public Defender's Office, or the California Court of

25    Appeal, Fifth Appellate District ... do[es] not involve the underlying conviction."  (Doc. 5 at 2.)

26    The Court explained it does not have a "supervisory role overseeing discovery and document

27    production in state court cases," and Petitioner must seek relief for his claim in the state court.

28    (*Id.*)  In addition, the magistrate judge found the Court should not recharacterize the petition to an

                                            1

1    action under 42 U.S.C. § 1983, because "Petitioner does not name proper defendants and the

2    claims are not amenable to conversion on their face." (*Id.*)  Finally, to the extent Petitioner

3    sought to challenge his 1997 conviction, the magistrate judge found this petition is successive,

4    because Petitioner sought federal habeas relief with respect to the conviction in *Vera v. Ryan*,

5    Case No. 1:04-cv-06349-OWW-TAG.  (*Id.* at 3.)  Therefore, the magistrate judge recommended

6    the Court dismiss the petition.  (*Id.* at 4.)

7        Petitioner filed objections to the Findings and Recommendations, arguing he is entitled to

8    habeas relief regarding the requested discovery and copies.  (Doc. 13.)  Petitioner also asserts he

9    is suffering a violation of his constitutional rights to due process, and this petition is based upon a

10   ruling of a state court denying his motion for discovery.  (*Id.* at 2-3.)  He contends this court has

11   jurisdiction to set aside the state court's ruling, referencing the Federal Rules of Civil Procedure,

12   Federal Rules of Evidence, and rules governing multi-district litigation.  (*Id.* at 3-6.)  Further,

13   Petitioner clarifies this he did not intend this action to be a successive petition.  (*Id.* at 2.)

14       Contrary to Petitioner's assertions, this Court lacks jurisdiction to address the ruling of a

15   state court concerning the denial of discovery or requested copies.  As the magistrate judge

16   determined, this Court does not have a supervisory rule over state courts.  Rather, the federal

17   courts have limited jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co*., 511 U.S. 375, 377

18   (1994).  Moreover, if the matter were converted to a civil rights action, the claim would be barred

19   under the *Rooker-Feldman* doctrine, which bars "cases brought by state-court losers complaining

20   of injuries caused by state-court judgments rendered before the district court proceedings

21   commenced and inviting district court review and rejection of those judgments." *Exxon Mobil*

22   *Corp. v. Saudi Basic Indus. Corp*., 544 U.S. 280, 284 (2005); *see also Herman v. Los Angels Sup.*

23   *Ct.*, 2022 WL 2056765, at \*3 (C.D. Cal. Apr. 14, 2022) (the *Rooker-Feldman* bar cannot be

24   avoided "by styling [an] attack on the state court's ruling as a civil rights action").

25       According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case.

26   Having carefully reviewed the matter, the Court concludes the Findings and Recommendations

27   are supported by the record and proper analysis.  In addition, the Court declines to issue a

28   certificate of appealability.

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a)    In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b)    There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> >
> > (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the Court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, Petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In the present case, the Court finds Petitioner did not make the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court declines to issue a certificate of appealability.

Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations issued on September 10, 2024 (Doc. 5), are **ADOPTED** in full.

2. The petition for writ of habeas corpus is **DISMISSED** with prejudice.

3. The Clerk of Court is directed to enter judgment and close the case.

4. The Court declines to issue a certificate of appealability.

This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated: __**January 23, 2025**__

UNITED STATES DISTRICT JUDGE

4